McFarland, J.,
delivered the opinion of the court.
Fielding, Gwinn & Co., of New York, were the cotton factors and commission merchants of J. C. Hornsby & Co., of Memphis, and brought this action upon their account of the business, showing that ad- *368 vanees, charges, etc., exceeded the proceeds of cotton received, to the smount of $1,440.70.
The defence is, that the plaintiffs were instructed not to sell the cotton except upon a firm and rising market, and that they sold it, or part of it, contrary to orders and at an improper time, by which a heavy loss occurred. The defendants further claimed that there was a deficit in the weight of cotton unaccounted for, and that it was not properly graded. The plaintiffs say that the cotton was sold at the time it was for the reason that according to the understanding between them, as well as in accordance with the custom of commission merchants, .the defendants were bound to keep in the ■ plaintiffs’ hands, cotton counting at its market price, to an amount sufficiently above the amount of charges and advances to save the plaintiffs from danger of loss; or as expressed in merchants’ phrase “to keep up a sufficient margin.” That the defendants when called upon to keep this up failed to do so, and the cotton was sold in accordance with the understanding between the parties, and the custom of the trade. )
The charge of the Circuit Judge in substance was, that if the plaintiffs received and advanced upon the cotton they were bound to obey the defendants’ instructions as to the time of selling, unless by agreement or the custom of merchants they were bound to keep up a sufficient margin to save the plaintiffs from loss on account of the fluctuations in the market, and in this event, if the defendants failed when called upon to keep up this margin, the plaintiffs would *369 have the right to sell. As applied to the facts in proof in this case, we see nothing in the charge admitting of serious doubt.
It is in proof by one Pease, the agent of the plaintiffi) that he called upon the defendants and exhibited to them an account similar to the one sued upon; that they objected to the account on account of a small error, and for this they claimed a deduction of $100, and finally agreed to give notes for the amount. They tendered him two notes, each for one-half — on time — one made by Hornsby one partner, and endorsed by Pleasants, the other partner, and the other made by Pleasants and endorsed by Hornsby. Pease objected to the notes for want of security, and the defendants expressed themselves as glad of it, as their counsel advised them that the plaintiffs could not recover anyway. Thereupon this suit was brought.
To rebut the testimony of Pease, Pleasants one of the defendants was examined and stated that at the time Pease presented the account, the defendants did not know the state of the accounts between the plaintiffs and defendants, as plaintiff lived in New York, and if he had known it, he would not have agreed to give the notes for the account; that the plaintiffs had violated the instructions given to them by the defendants and had sold the cotton against the positive orders of the defendants to the contrary.
Upon this, the court was requested to instruct the jury that u If the defendants at the time Peasé presented the account, had no knowledge of the real condition of their account, and had no knowledge of *370 the plaintiffs’ conduct in the management of their property, and it was something peculiarly in the knowledge of the plaintiffs and this knowledge came to them only subsequent to the institution of the suit, then the defendants are not bound by the admission. ' This was refused, because there was no evidence to which the instruction would apply. It is argued that this was error because Pleasants proved that at the time referred to, the defendants had no knowledge of the state of the accounts, and that the court was not authorized to tell the jury that there was no evidence of this want of knowledge.
Upon a careful examination of the entire case, we are not satisfied that there is any substantial error in this.
Pleasants says that at the time the account was presented, defendants did not know the state of the accounts because the plaintiffs lived in New York. It is hard to know what fact they were ignorant of. The account itself was then presented to them. The cotton sold and. the advances made, were necessarily as well known to one firm as the other. These items are not disputed, except as to the grade and weight of ' the cotton. This they knew or had the means of knowing with ordinary diligence. They knew the cotton was sold; the account showed it. If sold contrary to their orders; the defendants knew then as well as afterward. So that we can not see that -there was any fact material to the defendants’ rights which might not with reasonable diligence have been known to the defendants at that time; and be *371 sides, we think that the defendants in making this admission only admitted what is shown with reasonable certainty to be true by the balance of the record. The verdict of the jury allowed the error of $100 claimed by the defendants.
’ Upon the whole record we are of opinion that there is no substantial error, and the judgment will be affirmed.